```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division


NORMAN LEROY LAYNE,              )
                                 )
         Petitioner,             )
                                 )
v.                               )  CRIMINAL NO. 03-394
                                 )  CIVIL ACTION NO. 05-798
                                 )
UNITED STATES OF AMERICA,        )
                                 )
         Respondent.             )
```

## O R D E R

This matter is before the Court on Petitioner Norman Leroy Layne's Petition to Vacate, Set Aside, and Correct his sentence pursuant to 28 U.S.C. § 2255. By Order entered July 8, 2005, this Court ordered Layne to show cause within thirty (30) days of the date of the Order why his Petition should not be dismissed as barred by the statute of limitations appearing in 28 U.S.C. § 2255.

On August 3, 2005, Layne filed a response relying on the language in section 2255 which states that the one year limitation should run starting on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. Petitioner claims that a "defendant who did not know, and who could not reasonably have been expected to know, that prevailing professional norms required his attorney to perform

certain specified duties, cannot be time-barred from asserting a claim for ineffective assistance of counsel until he learns of these professional norms and those duties." (Pet'r Resp. at 5). Layne asserts that he only became aware that his attorney owed him certain specific professional duties until the year preceding the filing of his motion.

Layne's main argument regards his attorney's refusal to file a Notice of Appeal from his sentence even after Layne allegedly requested that he do so. Yet, Layne admits in his response that "immediately after sentence was imposed, Counsel told Layne that he would be "sorry" if he appealed his sentence." (Pet'r Resp. at 2). This statement alone acknowledges that Layne knew at the time of his sentencing the responsibilities of counsel, even if counsel's response may classify as ineffective assistance. Further, Layne does not explain any efforts on his behalf to suggest he administered due diligence without avail until one year preceding the filing of his motion. Additionally, Layne fails to articulate exactly what facts became known to him to encourage him to file this motion and what led to the discovery of facts upon which Layne relies. Layne has failed to prove that he was unaware of any facts that were needed to file the section 2255 motion within one year from the date on which the judgment of conviction became final, and therefore he cannot

rely on the extended limitation period that accrues upon discovery of such facts.

Layne also argues that the circumstances of his situation warrant extension of the statute of limitations under the doctrine of equitable tolling.  Layne asserts that the "prevailing professional norms of the legal profession are not within the knowledge of ordinary laymen," especially in the case of procedural responsibilities.  (Pet'r Resp. at 6).  The Fourth Circuit has explained that equitable tolling of the statute of limitations is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)(en banc), *cert. denied*, 64 U.S.L.W. 3241 (U.S. Oct 2, 1995)(No. 94-9360); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)(applying *Rouse* rule on equitable tolling to a § 2255 Motion).  Principles of equitable tolling do not extend to garden variety claims of excusable neglect.  *Id.* (citations omitted).  Under the "extraordinary circumstances" test, Layne is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.  *Id.*

The mere fact that Layne is a legal layman and was not aware of the intricacies of the legal professional duties are not circumstances which would allow equitable tolling of the statute of limitations.  Layne has forwarded no evidence of "extraordinary circumstances" to meet the equitable tolling requirements.

Finally, Layne argues that the statute of limitations should begin to run from when the Supreme Court decided either *Blakely v. Washington*, 124 S.Ct. 2531 (2004) or *United States v. Booker*, 125 S.Ct. 738 (2005).  This Court made clear in its July 8, 2005 Order that "neither *Blakely* nor *Booker* apply retroactively on collateral review" and therefore "the one year statute of limitations began to run on the date on which Layne's judgment of conviction became final," namely December 12, 2003. *United States v. Layne*, No. 05-798 (E.D. Va. July 8, 2005)(order to show cause why petition is timely).  He did not file his motion to vacate, set aside, and correct his sentence pursuant to section 2255 until July 1, 2005 which, is outside of the one year statute of limitations.

Accordingly, it is hereby

ORDERED that the Petition to Vacate, Set Aside, and Correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

Should petitioner wish to appeal, he must file a Notice of Appeal with the Clerk of this Court within sixty (60) days of

the date of this Order.  *See* Section 2255 Proceedings R. 11; Fed. R. App. P. 4(a).

    The Clerk is DIRECTED to send a copy of this Order to petitioner.

October 5__, 2005                         _____/s/_____
Alexandria, Virginia                            James C. Cacheris
                                                UNITED STATES DISTRICT COURT JUDGE